**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SILKY L. DEMPSEY,**

    **Plaintiff,**

    v.                                                                                      **CASE NO. 20-3263-SAC**

**JEFF EASTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 7) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 12).

In the Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs and were grossly negligent based on an incident that occurred on October 23, 2018. Plaintiff had a history of seizures, and on that date, he began to experience an "aura" indicating an oncoming seizure. A deputy helped him to booking for his medication. There, Shawna (LNU) denied him his medication, and he was transported to the medical clinic in a wheelchair. In the clinic, Plaintiff was left unattended with the brakes off for some period of time longer than five minutes. He had a seizure and fell out of the wheelchair, hitting his head on the ground. Plaintiff was taken to an isolation cell in the clinic and placed on the floor on his right side. Plaintiff states he has a "soft spot" on the right side of his head due to a traumatic brain injury, and clinic staff knew they should lay him on his left side. He alleges he now suffers from

sleep paralysis, dizzy spells, loss of balance, loss of the ability to concentrate, constant migraines, slurred speech, the inability to climb stairs, and fluid leaking out of his right ear.

The MOSC found that Plaintiff had arguably demonstrated a serious medical need, thus meeting the objective component of the deliberate indifference standard, but he had not met the subjective component. The MOSC further found that 11 of the 12 named defendants were subject to dismissal because Plaintiff had not described their personal participation in the alleged violation.

In his Response, Plaintiff does not attempt to dispute that all but one defendant should be dismissed. Plaintiff argues that the remaining defendant, Shawna (LNU), was deliberately indifferent by either denying or delaying his medical care. He alleges that she had prior knowledge of his history of seizures and of the efficacy of his medication in stopping seizure progression, yet she did not give him his medication.

However, the Complaint does not allege that Shawna (LNU) had access to the medication in booking, that she was authorized to administer the medication, or that she did nothing. Rather, the facts alleged indicate that Shawna sent Plaintiff to the medical clinic in a wheelchair. Once there, whoever had transported Plaintiff allegedly left him alone, and he fell out of the wheelchair, suffering injury at that point. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)). The MOSC found that the alleged action or inaction of jail staff members as described in the Complaint failed to rise to the level wantonness or conscious disregard

of excessive risk required to state a claim of cruel and unusual punishment under the Eighth Amendment.  Plaintiff's Response does not change that determination.  While Plaintiff's allegations may state a claim for negligence, negligent conduct does not violate the Eighth Amendment.  *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.").

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated February 9, 2022, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
