IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SILKY L. DEMPSEY,**

      **Plaintiff,**

    v.                                                      **CASE NO. 20-3263-SAC**

**JEFF EASTER, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Larned Correctional Mental Health Facility in Larned, Kansas. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response to the MOSC (Doc. 12). On February 9, 2022, the Court entered a Memorandum and Order (Doc. 15) finding that Plaintiff had failed to show good cause why the Complaint should not be dismissed. The Court dismissed this case for failure to state a claim. (Docs. 15, 16.) This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 17).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff states in his Motion for Reconsideration that he has had very limited access to a law library throughout the course of this case.  He argues that the limited library access meant that he was not able to properly research the subjective component of the deliberate indifference standard.  Even assuming Plaintiff was unable to cure the deficiencies in his Complaint within the time allowed due to limited library access, he fails to explain why he did not seek an extension of time to prepare his response to the MOSC.  The Court previously granted Plaintiff additional time

when he requested it, even rescinding a previous dismissal of this case when Plaintiff filed a tardy request for an extension and explained his circumstances.

Plaintiff has failed to address the deficiencies set forth in the MOSC and the February 9, 2022 Memorandum and Order and has failed to show an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 17) is **denied.**

**IT IS SO ORDERED**.

**Dated March 8, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**